STATE, PLAINTIFF-APPELLEE, *v.* WILSON ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25872. Decided June 28, 1962.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. John T. Patton,* assistant prosecuting attorney, for plaintiff-appellee.

*Mr. James R. Willis* and *Mr. A. L. Kearns,* for defendants-appellants.

(HUNSICKER, J., of the Ninth District, sitting by designation in the Eighth District in place of HURD, J.)

94

HUNSICKER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Cuyahoga County, Ohio, refusing an application to discharge the defendants. The application was filed under favor of Section 2945.71, Revised Code.

The appellants were jointly indicted in the 1960 September term. The indictment contained fourteen counts. Yancey Wilson was indicted on all counts. On count fourteen, all three appellants were jointly indicted for conspiracy to violate the state drug or narcotics law, Section 3719.01, et seq., Revised Code. Other counts of the indictment involved alleged unlawful conduct by one or other of the appellants with Yancey Wilson.

Various motions, for reduction of bail, discovery and inspection, bill of particulars and for separate trial, were filed by appellants. After disposition of these matters, the trial on count fourteen against all three appellants commenced on November 28, 1960. The appellants remained in jail at all times set out herein. The jury returned a verdict of guilty against all three appellants as to count fourteen of the indictment on December 20, 1960. On December 21, 1960, motions for new trial were filed by the appellants and on December 22, 1960, a judgment entry of guilty was filed, which entry overruled the motions for new trial. This entry provided that all of the defendants-appellants ''be held in the County Jail pending ruling on the pending indictments by this Court.''

On December 29, 1960, the appellants requested the state to furnish a bill of exceptions in this matter. On the same day, pursuant to applications previously filed by the appellants for a severance and separate trials, the trial court ordered that trials be had in ''three respective groups * * *.''

On January 3, 1961, notices of appeal from the judgment of guilty entered December 22, 1960, were filed. The motion to furnish a bill of exceptions was denied on January 12, 1961, and the order holding the appellants in the jail in Cuyahoga County was ordered vacated. The sentence was then ordered into execution.

On January 13, 1961, the Court of Appeals of the Eighth Judicial District, at the request of the appellants granted a stay

of execution pending the appeal of conviction as to count fourteen of the indictment. These stay of execution orders were entered in the office of the Clerk of Courts on January 16, 1961.

As a result of this stay, the appellants were retained in the jail of Cuyahoga County and not sent to a state penal institution. See *State* v. *Knight*, 77 Ohio App, 214. On January 20, 1961, the trial court granted additional time within which to file a bill of exceptions, a request for which to be paid for by the state was theretofore on January 12, 1961, denied by the trial court. An appeal was then perfected to such denial.

On March 8, 1961, a notice of appeal was filed in Court of Appeals Case No. 25554 wherein the appellants appealed from the judgment of January 11, 1961, denying to the appellants a bill of exceptions at the cost of the state. On July 25, 1961, the appeals by these appellants from the conviction on the fourteenth count of the indictment were dismissed at the request of the appellants. On July 31, 1961, mandates on the journal entry of dismissal were sent to the Court of Common Pleas.

On April 10, 1961, counsel for Sherman Cooper was permitted to withdraw but on June 6, 1961, the same counsel was assigned to represent Sherman Cooper who was then determined to be in indigent circumstances.

On September 6, 1961, Yancey Wilson and Audrey Walker filed a written application for discharge by virtue of Section 2945.71, Revised Code. On September 20, 1961, a similar written application for discharge was filed by Sherman Cooper. These applications also allege that the delay in bringing the appellants to trial violated their constitutional rights to a speedy trial as guaranteed under the Constitution of our State and Federal Government.

The applications for discharge were denied on October 13, 1961. On November 20, 1961, a motion to discharge Yancey Wilson and Audrey Walker was denied. On November 21, 1961, the trial before a jury of the case against Yancey Wilson and Audrey Walker commenced. At no point in this long and involved matter do we find a request by counsel for the appellants that a trial be held on the remaining counts of the joint indictment. There are other matters of record in the transcript of docket and journal entries which, together with those recited

herein, show that the appellants were chiefly interested in disposing of the appeal of the conviction on the fourteenth count of the indictment.

There is not one iota of evidence of record to show that the parties were wanting to dispose of the other counts of the indictment by way of trial. There is no demand for trial, neither is there a continuance requested by any party. There was, however, a stay of execution of sentence to a state penal institution by the act of the parties appellant.

In the case of *State* v. *Cunningham*, 171 Ohio St., 54, the court cites at page 57 with approval the following statement from American Jurisprudence:

"The right of the accused to a discharge for the failure of the prosecution to put him on trial within the required time may be waived by his own conduct, even in capital cases. He must claim his right if he wishes its protection. Silence on his part cannot be construed as a demand for trial. If he does not make a demand for trial or resist a continuance of the case, or if he consents to continuances, goes to trial without objecting that the time limit has passed, or fails to make some kind of an effort to secure a speedy trial, he will not be in a position to demand a discharge because of delay in prosecution."

We assume that the order appealed from is a final order and on that basis we do not discuss herein the question of such order being a final appealable order.

From the foregoing recitation of events that transpired in this cause, we must conclude that the delay in prosecution was not caused by the state but was the voluntary act of the parties and they cannot now be heard to complain. The judgment refusing to discharge the defendants must be affirmed.

Judgment affirmed.

KOVACHY, P. J., and SKEEL, J., concur.